UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
DESMOND JAMES,

                Petitioner,         **MEMORANDUM AND ORDER**
                                                          Case No. 16-CV-7208 (FB)

   -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------x

**BLOCK, Senior District Judge:**

On January 21, 2016, the Court sentenced Desmond James to 80 months' imprisonment. Although James has been in custody since November 16, 2010, he has received credit towards his federal sentence only since October 15, 2013. He asks the Court to "restructure his concurrent sentences"— which the Court has construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241—and to appoint counsel.

Since it appeared that James was in federal custody, the Court directed the Bureau of Prisons ("BOP") to justify its credit calculation. In response, BOP explained that James was arrested and detained by local law enforcement on October 18, 2010, and taken into federal custody on November 16, 2010, pursuant to a writ of habeas corpus ad prosequendum. It further explained that James's pretrial detention between October 18, 2010, and October 14, 2013, was applied to a state sentence.

28 U.S.C. § 3585(a) determines when a federal sentence begins. "However, a defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum." *United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001) (citing *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982)). Thus, although he was housed at a federal facility, James was still in state custody for purposes of calculating his sentence.

BOP can effectively credit state custody towards a federal sentence through its authority to designate a federal prisoner's place of confinement under 28 U.S.C. § 3621(b). *See McCarthy v. Doe*, 146 F.3d 118, 122-23 (2d Cir. 1998). The decision to make such a designation, however, "is plainly and unmistakably within the BOP's discretion." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (internal quotation marks omitted). Moreover, in the case of pretrial custody, BOP's discretion is cabined by 28 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

(Emphasis added).

James was arrested on state charges after committing the crimes underlying his federal sentence. As noted, his eventual sentence on the state charges was satisfied by applying his pretrial detention between October 18, 2010, and October 14, 2013. As a result, that period of his detention could not be credited towards his federal sentence. *See United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("Under the last quoted phrase [of § 3585(b)], a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

In sum, BOP correctly determined that only the period of James's pretrial detention since October 15, 2013, can be credited towards his sentence. Accordingly, the petition for a writ of habeas corpus is denied. The motion to appoint counsel is denied as moot.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 14, 2018